UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISMAIL SALI,<br><br>              Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | Case No. C13-116RSL<br><br>ORDER GRANTING MOTION FOR WAIVER AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |

     This matter comes before the Court on the government's "Motion Regarding Waiver of Attorney-Client Privilege" (Dkt. # 6) in this 28 U.S.C. § 2255 action to vacate, set aside, or correct petitioner's sentence. In his habeas petition, petitioner seeks relief from his convictions for conspiracy to commit access device fraud, bank fraud, access device fraud, and aggravated identity theft on the grounds that he received ineffective assistance of counsel. Dkt. # 1 at 1-6. In his response to the government's motion, petitioner requests the appointment of counsel and a continuance of the government's motion to allow him to oppose the motion with the assistance of counsel. Dkt. # 10 at 1-2. Having considered the parties' memoranda, supporting documents, and the remainder of the record, the Court finds as follows:

ORDER GRANTING MOTION FOR
WAIVER AND DENYING MOTION
FOR APPOINTMENT OF COUNSEL- 1

(1) It is well settled Ninth Circuit law that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney–client privilege as to all communications with his allegedly ineffective lawyer." <u>Bittaker v. Woodford</u>, 331 F.3d 715, 716 (9th Cir. 2003).  The scope of the waiver is determined by the particular claims raised in the petition.  A habeas petitioner "may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." <u>Id.</u> at 721.

(2) Petitioner seeks to pursue his ineffective assistance of counsel claims, but he objects to a waiver of the attorney-client privilege.  Specifically, he contends that he "did not authorize [his lawyer] to talk to the U.S. Attorney about [their] communications and [his] representation." Dkt. # 10 at 2.  However, by pursuing claims targeting his counsel's performance, petitioner has placed these communications and his representation at issue, thereby implicitly waiving the attorney-client privilege. <u>Bittaker,</u> 331 F.3d at 718.  Finding otherwise would render the government ill-equipped to respond to the merits of petitioner's claims.

(3) The implicit waiver of the attorney-client privilege, however, is not unlimited.  It must be narrowly tailored to the scope of petitioner's claims. <u>Id.</u> at 722.  "A waiver that limits the use of privileged communications to adjudicating the ineffective assistance of counsel claim fully serves federal interests." <u>Id.</u>  Consistent with these principles, if petitioner pursues his ineffective assistance of counsel claims, there would be a limited waiver of the attorney-client privilege.

(4) In his response to the government's motion, petitioner asks the Court to appoint counsel for him.  Dkt. # 10 at 1-2.  There is no constitutional right to counsel in a post-conviction § 2255 proceeding. <u>Sanchez v. United States</u>, 50 F.3d 1448, 1456 (9th Cir. 1995).  Under the Rules Governing § 2255 Proceedings for the United States

ORDER GRANTING MOTION FOR
WAIVER AND DENYING MOTION
FOR APPOINTMENT OF COUNSEL- 2

District Courts, if a judge determines that an evidentiary hearing is warranted, "the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  See Rule 8(c).  In the event that the Court finds an evidentiary hearing necessary, the Court will appoint counsel for petitioner and the government's motion for limited waiver of the attorney-client privilege will be considered anew.

For all of the foregoing reasons, the Court GRANTS the government's motion regarding waiver of attorney-client privilege (Dkt. # 6)[1] and DENIES petitioner's motion for appointment of counsel and continuance.

DATED this 20th day of June, 2013.

*[signature]*

Robert S. Lasnik
United States District Judge

---

[1] The Court finds that no additional briefing from the government is necessary at this time.  If the Court determines an evidentiary hearing warranted it will consider the scope of the waiver and whether supplemental briefing is necessary at that time.

ORDER GRANTING MOTION FOR
WAIVER AND DENYING MOTION
FOR APPOINTMENT OF COUNSEL- 3