UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISMAIL SALI,

    Petitioner,

v.

THE UNITED STATES OF AMERICA,

    Respondent.

Case No. C13-116RSL

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

## I. INTRODUCTION

This matter comes before the Court on Petitioner Ismail Sali's motion to vacate, correct, or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 1) and Petitioner's motion for complete transcripts and a continuance (Dkt. # 16). Petitioner challenges his conviction and the 84 month sentence imposed after he pled guilty to conspiracy, bank fraud, access device fraud, and aggravated identity theft in CR11-316-RSL. Dkt. # 1-1 at 1.[1]

## II. BACKGROUND

In September 2011, Petitioner was arrested and charged with one count of conspiracy to commit access device fraud, three counts of bank fraud, two counts of production, use, and trafficking in counterfeit devices, two counts of possession of

---

[1] "Dkt." refers to docket entries in Petitioner's § 2255 case. "CR" refers to docket entries in the underlying criminal case, CR11-316-RSL.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 1

device-making equipment, and one count of aggravated identity theft. CR 12; CR 22 at 1-11. Two months later, the grand jury returned a superseding indictment, charging Petitioner with the following additional charges: two counts of bank fraud, one count of production, use, and trafficking in counterfeit access devices, one count of possession of device-making equipment, one count of aggravated identity theft, one count of possession of counterfeit and unauthorized access devices, and seven counts of money laundering. CR 46 at 1-16.

In March 2012, Petitioner appeared before the Court and pled guilty to one count of conspiracy to commit access device fraud, one count of bank fraud, one count of access device fraud, and one count of aggravated identity theft. CR 85; CR 87. The remaining charges were subsequently dismissed. CR 108 at 1. During the Rule 11 hearing, Petitioner informed the Court that he understood the crimes to which he was pleading guilty, the maximum sentences he could receive for the crimes, and the rights that he was giving up by pleading guilty. Dkt. # 11-2 at 9-13. He also indicated that he agreed that certain enhancements and reductions to his base offense level would apply for purposes of determining the appropriate sentencing range under the United States Sentencing Guidelines Manual ("Sentencing Guidelines"). Id. at 15. Finally, Petitioner agreed with the statement of facts set forth in the plea agreement, indicated that his decision to plead guilty was voluntary, and informed the Court that he was pleading guilty because he committed the crimes identified in the plea agreement. Id. at 18-21. Based on these representations, the Court found Petitioner's decision to enter a guilty plea was knowing, voluntary, and intelligent. Id. at 21-22.

On June 28, 2012, Petitioner was sentenced to 60 months of imprisonment on the counts of conspiracy, bank fraud, and access device fraud to run concurrently, and 24 months of imprisonment on the count of aggravated identity theft, to be served

consecutively, for a total prison sentence of 84 months. CR 108 at 3. Petitioner timely filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

### III. DISCUSSION

In his motion, Petitioner alleges claims of ineffective assistance of counsel based on (1) counsel's failure to provide an adequate translator during their initial meeting and at the sentencing hearing, (2) counsel's advice that Petitioner sign the plea agreement even though it contained factual errors, (3) counsel's failure to dispute the conspiracy charge and the related facts in the plea agreement and presentence report ("PSR"), (4) counsel's failure to dispute the allegations that some of the criminal conduct occurred outside the United States, and (5) counsel's failure to give him discovery in a viewable format. Dkt. # 1 at 2-6.

To succeed on a claim of ineffective assistance of counsel, Petitioner must show (1) that counsel's performance "fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). When a petitioner claims that his guilty plea was unintelligent or involuntary on the basis of ineffective assistance of counsel, Strickland's two-part test applies. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

To meet the first requirement, objectively unreasonable performance, a convicted defendant must point to specific acts or omissions by counsel that he believes not to be the product of sound professional judgment. Id. at 690. To satisfy the second requirement, prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The Court's focus is on whether counsel's deficient performance affected the outcome of the plea process. Id.

**B. Ineffective Assistance of Counsel**

### 1. Failure to Provide Adequate Translation Services

Petitioner argues that his trial counsel's performance was ineffective because he failed to provide adequate translation services during their first meeting and during the sentencing hearing. Dkt. # 1 at 2-3. He contends that the translator did not speak his language, which "resulted in Defendant not understanding the process or the evidence, and created an environment where his attorney did not provide him counsel but merely gave the impression of doing so." Id.

Petitioner's first claim of ineffective assistance of counsel fails to meet either of the requirements under Strickland. As for the first prong, the record indicates that the translator present during Petitioner's first meeting with his attorney and at the sentencing hearing is fluent in Romanian, Petitioner's native language, and English and she is provided by the Court – not counsel – and has established her proficiency in Romanian. Dkt. # 11-7 at 2. Based on this record, therefore, the Court finds that counsel's use of this translator did not fall below an objectively reasonable standard.

More importantly, however, Petitioner has not suggested that but for counsel's use of this translator, he would not have pled guilty. Rather, Petitioner makes clear in both his motion and accompanying declaration that he was able to communicate effectively with his counsel at every other meeting with a different Court provided interpreter. Dkt. # 1-1 ¶ 4; see Dkt. # 1 at 3-5 (questioning counsel's conduct where counsel knew certain facts because Sali explained them to him). Furthermore, Petitioner does not allege that the translator at the Rule 11 hearing was inadequate or that he did

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 4

not understand that he was pleading guilty. He thus had a full and fair opportunity to review the terms of the plea agreement and an opportunity to state his understanding of the proceedings. To the extent that Petitioner's claim is based on allegedly faulty translation services during the sentencing hearing, he has not demonstrated that he was prejudiced as required under Strickland.

### 2. Advice Regarding Execution of the Plea Agreement

Petitioner next argues that he was denied effective assistance of counsel when counsel "urged him to sign a Plea Agreement that included an erroneous statement of facts, and charges for crimes of which (sic) he did not commit." Dkt. # 1 at 3. Petitioner does not dispute that his decision to plead guilty was knowing, intelligent and voluntary, but he contends that his counsel promised to correct factual errors, but failed to do so. Id. at 4. Petitioner also argues that his counsel's performance was deficient when he told Petitioner that he would receive a sentence of 24 months of imprisonment. Id. The record does not support Petitioner's contentions and is completely belied by both the written plea agreement and Petitioner's entry of the plea before the Court.

During the Rule 11 hearing, Petitioner indicated that he understood the charges to which he was pleading guilty and the contents of the plea agreement. Dkt. # 11-2 at 9. He confirmed under oath that the statement of facts in the plea agreement was accurate and he agreed with them. Dkt. # 11-2 at 18. After reviewing the elements of each separate crime, Petitioner assured the Court that he was guilty of each crime identified in the plea agreement. Id. at 19-21. Finally, Petitioner informed the Court that the plea agreement reflected the entire agreement, and he was not pleading guilty as a result of any other promises. Id. at 19. At no time did Petitioner object to any of the facts in the plea agreement or suggest that he was not guilty of any of the charges identified in the plea agreement. Moreover, Petitioner's declarations that he understood and accepeted the terms of the plea agreement, that he was not pressured into entering the plea, and

that the decision to plead guilty was his, which were all made in open court at the time petitioner entered his guilty plea, carry a strong presumption of verity. Blackledge v. Allison, 431 U.S.63, 74 (1977). Petitioner offers nothing to rebut this presumption. Thus, the Court finds that Petitioner has failed to establish either inadequate performance by his counsel or actual prejudice under Strickland. Hill, 474 U.S. at 58-59.

With respect to counsel's alleged assurance that Petitioner would serve no more than 24 months in prison, this allegation is also completely unsupported by the record. The Court carefully reviewed the sentencing provisions of the plea agreement with Petitioner during the Rule 11 hearing. Dkt. # 11-2 at 10, 13-16. In response to the Court's questions, Petitioner indicated that he understood the maximum sentence he could receive for each crime, and that the government could recommend a sentence of not more than eight years and his counsel was free to recommend a sentence no less than six years. Id. at 10, 15-16. Furthermore, Petitioner acknowledged that regardless of these recommendations, the Court was free to impose any sentence authorized by law, up to twenty years of imprisonment. Id. Finally, Petitioner, under oath, informed the Court that no one made any promises regarding the actual sentence that could be imposed. Id. at 14. Faced with this record, the Court cannot conclude that counsel's performance was deficient.

Even if the Court assumes that counsel made such a statement at some point, Petitioner was not prejudiced by counsel's alleged statements regarding his sentence. The written plea agreement and the Court's questioning of Petitioner both informed him of the maximum prison sentence he could receive as a result of pleading guilty and that ultimately, the Court retained the ultimate authority to determine his sentence. Petitioner was therefore fully informed regarding the sentence he could receive as a

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 6

result of pleading guilty, and he cannot demonstrate that he was prejudiced by his counsel's alleged statements. Womack v. Del Papa, 497 F.3d 998, 1003 (9th Cir. 2007).

### 3. Failure to Dispute Petitioner's Involvement in the Conspiracy

Petitioner's third claim of ineffective assistance of counsel is based on counsel's alleged failure to dispute the conspiracy charge and allegations of fact supporting the conspiracy charge in the plea agreement and the PSR. Dkt. # 1 at 4-5. To the extent that this claim is based on counsel's advice to sign the plea agreement despite erroneous factual statements, Petitioner has not met the two-part test of Strickland, as explained above. To the extent that Petitioner's claim is based on counsel's alleged failure to argue at sentencing that Petitioner had a minor role in the conspiracy, this claim likewise does not succeed.

Contrary to Petitioner's contention, counsel argued that Petitioner was not a leader in the criminal activity, both in the sentencing memorandum and during the sentencing hearing. Dkt. # 11-4 at 3, 4-6; Dkt. # 11-5 at 9, 12-14, 16. Throughout the hearing, counsel presented Petitioner's role precisely as he describes it in his motion. Dkt. # 11-5 at 12-14. Consistent with Petitioner's representation, counsel explained that Petitioner's co-conspirators, Eugen Trica, Dan Petri, and Ion Armeanca, Romanian citizens, arrived in Seattle, Washington, and Petitioner showed them hospitality and let them stay with him. Id. at 12-13. Counsel emphasized that these individuals initiated an elaborate fraudulent scheme involving sophisticated card skimming equipment and pin hole cameras while Petitioner provided a place for them to stay and played a small role in the scheme. Id. He reiterated that Petitioner's prior criminal skimming activity was less sophisticated. Id. Because counsel argued the very points that Petitioner sets forth in his motion, the Court cannot conclude that counsel's performance fell below an objectively reasonable standard.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 7

Moreover, the record does not support a finding that Petitioner was prejudiced by Counsel's arguments. Contrary to Petitioner's allegation, dkt. # 1 at 5, the Court did not apply a four point leadership enhancement to Petitioner's offense level, dkt. # 11-5 at 26. Rather, in determining the applicable sentencing range, the Court applied a two level enhancement pursuant to Section 3B1.1 of the Sentencing Guidelines based in part on the difference between Petitioner's criminal activity before and after his co-conspirators began living with him. Id. Petitioner, therefore, has not established that he suffered prejudice as a result of counsel's arguments regarding his role in the offense conduct.

### 4. Failure to Dispute Criminal Conduct Outside of the United States

Petitioner next claims that counsel was ineffective because he did not dispute the alleged criminal nature of several wire transfers made by Petitioner to people in Romania. Dkt. # 1 at 5. He contends that he suffered prejudice because the Court applied a two level enhancement to his base offense level because a substantial part of the criminal scheme was committed outside of the United States and it involved sophisticated means. Id. Like Petitioner's previous claim, however, this claim does not succeed because Petitioner has not satisfied either of the two requirements under Strickland.

First, the Court finds that counsel's performance did not fall below an objectively reasonable standard because, contrary to Petitioner's claim, counsel filed objections to the paragraphs in the PSR stating that Petitioner sent stolen customer information and wired money to associates and co-conspirators outside of the United States. Dkt. # 13-2 at 29. Similarly, counsel argued during the sentencing hearing that some of the wire transfers overseas were directed to Petitioner's family in Romania, not criminal associates. Dkt. # 11-5 at 21. The record therefore, supports a finding that counsel did in fact dispute the allegations that Petitioner was involved in criminal activity outside of

the United States. Based on this record, the Court cannot conclude that counsel's performance was below professional standards.

Second, counsel's failure to object specifically to the application of a two level enhancement based on the fact that part of the scheme was committed outside of the United States was not unreasonable because any objection would have been without merit. See Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.") (quotations omitted). In the plea agreement, the parties agreed that a two level enhancement applied to Petitioner's base offense level because "a substantial part of the scheme was committed outside the United States and the offense involved sophisticated means" pursuant to Section 2B1.1(b)(9) of the Sentencing Guidelines. Dkt. # 11-1 at 8. Moreover, Petitioner pled guilty to conspiracy to commit access device fraud, dkt. # 11-1 at 2, and thus, he may be held accountable for the reasonably foreseeable conduct of his co-conspirators in furtherance of the conspiracy. See U.S.S.G § 1B1.3(a)(1)(B) (2011).[2] Because Petitioner agreed to the application of the enhancement, both in the plea agreement and during the Rule 11 hearing, dkt. # 11-2 at 15, and he may he held accountable for the foreseeable criminal conduct of his co-conspirators, there was no basis for his counsel to object. Shah, 878 F.2d at 1162.

**5. Failure to Provide Discovery in Viewable Format**

Finally, Petitioner argues that counsel's failure to provide him with discovery in a viewable format constitutes ineffective assistance of counsel. Dkt. # 1 at 5-6. Specifically, Petitioner contends that counsel gave him three discs containing discovery,

---

[2] There was evidence that Petitioner's co-conspirators, who also pled guilty before going to trial, made withdrawals from banks using counterfeit access devices encoded with foreign bank account data and made wire transfers abroad. Dkt. # 13-2 at 6-8.

but he could not access the discovery on two of the three discs. Id. at 6. He alleges that counsel's failure to provide the discovery in another format was deficient. Id.

Even assuming that counsel's failure to give Petitioner hard copies of the discovery was deficient, Petitioner has not alleged in his motion that had counsel provided discovery in a different format, he would not have pled guilty. Instead, Petitioner argues mostly that he received a harsh sentence as a result of the plea agreement and he was misled by counsel's failure to clarify his minor role in the criminal conduct. Id. at 6. These claims are insufficient to establish prejudice, where Petitioner was fully informed of his possible sentence, he agreed to the application of several enhancements under the Sentencing Guidelines, and counsel argued that Petitioner played a small part in the overall conspiracy. Because Petitioner has not alleged that he would have insisted on going to trial if he had received discovery in a different format, he has not met the prejudice requirement under Strickland. Hill, 474 U.S. at 60 (Petitioner failed to establish prejudice where he did not allege that but for counsel's failure to inform him of his parole eligibility date, he would have pleaded not guilty).

## C. Motion for Transcripts

Petitioner asks the Court to order the government to produce the complete transcripts of the Rule 11 hearing and his sentencing hearing, as well as the letter written by Petitioner and submitted to the Court before sentencing. Dkt. # 16 at 1.

Transcripts are not generally produced in paper form and will be provided to a party only for a fee. See 28 U.S.C. §753(f). Transcripts of a hearing may be provided to a petitioner in a § 2255 case at no expense where (1) the movant is proceeding *in forma pauperis*, (2) the district court certifies that the motion is not frivolous, and (3) the transcript is needed to decide the issue. United States v. MacCollom, 426 U.S. 317, 320-21 (1976). Having reviewed Petitioner's § 2255 motion, the government's

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 10

response, and Petitioner's reply, the Court finds that the transcripts are not needed to decide Petitioner's ineffective assistance of counsel claims.

To the extent that Petitioner seeks discovery in addition to the transcripts, he has not demonstrated the need for discovery in this case. A petitioner in a § 2255 proceeding is not automatically entitled to discovery. Rather, the Court "may, for good cause, authorize a party to conduct discovery." Fed. R. Governing § 2255 Proceedings 6(b). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is. . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quotation marks and citation omitted). Because Petitioner has not shown that full development of the facts in this case may entitle him to relief, the Court DENIES Petitioner's request for discovery and the accompanying request for a continuance.

**D. Evidentiary Hearing**

Petitioner also requests an evidentiary hearing pursuant to 28 U.S.C. § 2255(b). Dkt. # 1 at 7. Ninth Circuit law does not require an evidentiary hearing on a motion to vacate under § 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Moore, 921 F.2d 207, 211 (9th Cir. 1990). Generally, an evidentiary hearing is required if the motion is based on matters outside the record or events outside the courtroom. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). However, "[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Because the parties' memoranda and the records of the underlying criminal conviction conclusively show that Petitioner is not entitled to the relief he seeks, Petitioner's request for an evidentiary is DENIED. Moore, 921 F.2d at 211.

**E. Certificate of Appealability**

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 11

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his federal petition only after obtaining a certificate of appealability from a district or circuit court. A certificate of appealability may issue only where a petitioner has made " a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes that Petitioner is not entitled to a certificate of appealability with respect to any of his claims in his § 2255 motion.

## IV. CONCLUSION

For all of the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence (Dkt. # 1) and his motion for transcripts and a continuance (Dkt. # 16) are DENIED. The Court declines to issue a certificate of appealability.

DATED this 24th day of January, 2014.

Robert S. Lasnik
United States District Judge